# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| ANSIR ALI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1513-PRW |
| | ) | |
| PAMELA BONDI, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). This matter has been fully briefed and is now ripe for decision. For the reasons given below, the Court **DENIES** the Petition (Dkt. 1).

## *Background*

This is a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner illegally entered the United States in 2022 without first being inspected or admitted.[2] On November 11, 2025, ICE arrested Petitioner and purported to detain him pursuant to 8 U.S.C. § 1225(b)(2)(A) because he entered the country without inspection.[3] Petitioner, however, believes he is detained pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and

---

[1] "Challenges to immigration detention are properly brought directly through habeas." Report and Recommendation (Dkt. 11), at 3 (quoting *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)).

[2] Pet. (Dkt. 1), at 9.

[3] *Id.*

permits bond when detention occurs, and thus he requests that he either receive a detention hearing or be released.

### *Analysis*

**I.    Petitioner is detained under 8 U.S.C. § 1225(b)(2).**

For the reasons given in the Court's Order in *Sosa v. Holt*, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2). [4]

**II.    Petitioner has failed to show a due process violation.**

Petitioner has been in ICE custody since November 11, 2025. [5] Petitioner raises a half-hearted due process claim, merely citing the Fifth Amendment and arguing that because he believes he should be detained pursuant to 8 U.S.C. § 1226(a)(2)(A), his continued detention is unlawful. A six-month detention period is presumptively constitutional before the government must release a removable alien who shows "that there is no significant likelihood of removal in the reasonably foreseeable future[.]"[6] The Court accordingly denies Petitioner's premature due process claim.

### *Conclusion*

For these reasons, the Court **DENIES** the Petition (Dkt.1). A separate judgment will follow.

---

[4] *See Sosa v. Holt*, Case No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026).

[5] Pet. (Dkt. 1), at 9.

[6] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

**IT IS SO ORDERED** this 16th day of March 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE